IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FINJAN, INC., )
)
Plaintiff, )
)
v. ) C.A. No. 20-371 (LPS)
)
TRUSTWAVE HOLDINGS, INC. and )
SINGAPORE TELECOMMUNICATIONS )
LIMITED, )
)
Defendants. )

## DEFENDANT SINGAPORE TELECOMMUNICATIONS LIMITED'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS <u>FOR LACK OF PERSONAL JURISDICTION</u>

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Alexandra M. Cumings (#6146)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
acumings@mnat.com

OF COUNSEL:

John S. Letchinger
BAKER & HOSTETLER LLP
191 North Wacker Drive, Suite 3100
Chicago, IL  60606-1901
(312) 416-6200

*Attorneys for Defendant*
*Singapore Telecommunications Limited*

Jared A. Brandyberry
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO  80202
(303) 764-4072

August 5, 2020

TABLE OF CONTENTS

Page

I.      NATURE AND STAGE OF THE PROCEEDINGS ..........................................................1

II.     SUMMARY OF ARGUMENT ........................................................................................1

III.    STATEMENT OF FACTS ...............................................................................................1

        a.      Finjan's Misplaced Allegations related to Personal Jurisdiction over Singtel ........1

        b.      Singtel's Has No Meaningful Contacts with the State of Delaware ......................3

IV.     ARGUMENT ...................................................................................................................5

        a.      Legal Support for Dismissal of Singtel for Lack of Personal Jurisdiction .............5

        b.      Singtel's Conduct Does Not Give Rise to Personal Jurisdiction ............................7

        c.      Singtel's Subsidiaries Conduct Should Not Be Imputed on To Singtel .................9

IV.     CONCLUSION ..............................................................................................................11

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Applied Biosystems Inc. v. Cruachem, Ltd.,*
    772 F.Supp. 1458 (D. Del.1991) ................................................................................11

*Belden Techs., Inc. v. LS Corp.,*
    829 F. Supp. 2d 260 (D. Del. 2010) ............................................................................9

*Beverly Hills Fan Co. v. Royal Sovereign Corp.,*
    21 F.3d 1558 (Fed. Cir. 1994) .....................................................................................7

*Boone v. Oy Partek Ab,*
    724 A.2d 1150 (Del.Super.1997), aff'd, 707 A.2d 765 (Del.1998) ............................7

*Cephalon, Inc. v. Watson Pharm., Inc.,*
    629 F. Supp. 2d. 338 (D. Del. 2009) ........................................................................11

*Daimler v. Bauman,*
    571 U.S. 117 (2014) ..................................................................................................12

*Eurofins Pharma US Holdings v. BioAlliance Pharma SA,*
    623 F.3d 147 (3d Cir. 2010) ........................................................................................7

*Forest Laboratories, Inc., v. Cobalt Laboratories, Inc.,*
    C.A. No. 08–021–GMS–LPS, 2009 WL 605745 (D. Del. Mar. 9, 2009),
    adopted by 2009 WL 2753427 (D. Del. Aug. 27, 2009) ..........................................11

*Graphics Props. Holdings, Inc. v. ASUS Comput. Int'l,*
    70 F.Supp.3d 654 (D. Del. 2014) ..............................................................................10

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
    564 U.S. 915 (2011) .........................................................................................8, 9, 12

*Koninklijke KPN N.V. v. Kyocera Corporation,*
    C.A. No. 17–087–LPS, 2017 WL 6447873 (D. Del. 2017) ......................................10

*LaNuova D & B, S.p.A. v. Bowe Co., Inc.,*
    513 A.2d 764 (Del. 1986) .............................................................................................7

*Medical Solutions, Inc. v. C Change Surgical LLC,*
    541 F.3d 1136 (Fed. Cir. 2008) ...................................................................................6

*Nespresso USA, Inc. v. Ethical Coffee Co. SA*,
    263 F. Supp. 3d 498 (D. Del. 2017)..................................................................10

*Polar Electro Oy v. Suunto Oy*,
    829 F.3d 1343 (Fed. Cir. 2016)......................................................................10

*Power Integrations, Inc. v. BCD Semiconductor*,
    54 7 F. Supp. 2d 365 (D. Del. 2008)...............................................................7

*Round Rock Research LLC v. ASUSTeK Computer Inc.*,
    967 F.Supp.2d 969 (D. Del. 2013)..................................................................10

*Walden v. Fiore*,
    571 U.S. 277 (2014)..................................................................................8, 9

## Secondary Sources

Brilmayer et al., A General Look at General Jurisdiction,
    66 Texas L.Rev. 721 (1988) ...........................................................................8

## Statutes

10 Del. C. § 3104(c)........................................................................... *passim*

## Rules

Fed. R. Civ. P. 12(b)(2).....................................................................................1

## I.      NATURE AND STAGE OF THE PROCEEDINGS

On March 16, 2020, Finjan, Inc. ("Finjan") filed a Complaint against Trustwave Holdings, Inc. ("Trustwave") and Singapore Telecommunications Limited ("Singtel"), alleging infringement of U.S. Patent No. 8,141,154 ("the '154 Patent") based on Trustwave's sales of its Secure Web Gateway and Trustwave Secure Email Gateway products ("Accused Products").  On June 5, 2020, Trustwave filed its Answer and Counterclaim to Finjan's Complaint.  D.I. 11.  Because this Court lacks personal jurisdiction over it, Singtel now moves to dismiss Finjan's complaint under Fed. R. Civ. P. 12(b)(2).

## II.      SUMMARY OF ARGUMENT

This Court lacks personal jurisdiction over Singtel.  Singtel is a foreign telecommunications company organized and based in the Republic of Singapore.  Singtel has no offices or employees located in the United States.  Singtel has not sold the Accused Products in the United States and Singtel has no role in the design, manufacture, marketing, pricing, or sale of the Accused Products sold by Trustwave in the United States.  In short, Singtel has no meaningful contacts with the State of Delaware, under any theory, that could warrant finding specific or general jurisdiction over Singtel.

## III.      STATEMENT OF FACTS

### a.      Finjan's Allegations related to Personal Jurisdiction over Singtel

Finjan's Complaint contains two paragraphs of allegations concerning this Court's alleged jurisdiction over Singtel:

> 9. This Court also has personal jurisdiction over Singtel because it has established minimum contacts with the State of Delaware, and the exercise of personal jurisdiction over Singtel would not offend traditional notions of fair play and substantial justice. Singtel has integrated its cybersecurity capabilities, technologies, and resources under the Trustwave brand, a wholly owned Delaware subsidiary that sells the products at issue in this litigation, including in this District. For example,

Trustwave's December 4, 2018 News Release states: "Singtel … has pooled the cybersecurity capabilities, technologies and resources of Singtel, Optus, Trustwave and NCS into a single global corporate identity operating under the Trustwave brand." See Exhibit B (https://www.trustwave.com/en-us/company/newsroom/news/singtel-integrates-global-cybersecurity-capabilities-under-trustwave-to-create-an-industry-powerhouse/).

10. Further, this Court also has personal jurisdiction over Singtel because it has purposefully availed itself of the privilege of conducting business activities in the State of Delaware through a number of subsidiaries besides Trustwave, including, but not limited to, Singtel USA, Inc. (registered agent at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801), Singtel Enterprise Security (US), Inc. (registered agent at 251 Little Falls Drive, Wilmington, Delaware 19808), Singtel Communications LLC (registered agent at 108 West 13th Street, Wilmington, Delaware 19801), Singtel Innov8 Ventures LLC (registered agent at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801), Singtel Mobile Marketing, Inc. (registered agent at 251 Little Falls Drive, Wilmington, Delaware 19808), Amobee Inc. (registered agent at 850 New Burton Road Suite 201), Lucid Media Networks, Inc. (registered agent at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801), and Pixable Inc. (registered agent at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801). Singtel places its products into the stream of U.S. commerce through its subsidiaries (including Trustwave, a wholly owned Delaware subsidiary) that are incorporated in this District, including the products at issue in this case.

D.I. 1 at ¶¶ 9-10.  Aside from conclusory recitations of legal standards, the only substance in these paragraphs is that (1) "Singtel has integrated its cybersecurity capabilities, technologies, and resources under the Trustwave brand" and Trustwave is "a wholly owned Delaware subsidiary that sells the products at issue in this litigation, including in this District," (2) Singtel has subsidiaries that are registered in the State of Delaware, and (3) "Singtel places its products into the stream of U.S. commerce through its subsidiaries (including Trustwave, a wholly owned Delaware subsidiary) that are incorporated in this District, including the products at issue in this case."  It is unclear what factual support Finjan has to make these allegations, but as outlined below, these allegations are inaccurate.  For example, a cursory review of publicly available records available at the Delaware Division of Corporations shows that some of the Singtel subsidiaries ceased to exist over a decade ago.  *See* Exs. A-H to the Declaration of Jared A. Brandyberry.

2

### b.      Singtel's Has No Meaningful Contacts with the State of Delaware

Singtel is a telecommunications company organized and located in Singapore.  Declaration of Quah Kung Yang at ¶ 5.  Singtel has no offices or employees in the United States.  *Id.* at ¶¶ 6-7. Singtel acquired Trustwave in 2015.  D.I. 1 at Exhibit F.  The Accused Products are Trustwave products that were developed by Trustwave and its predecessors (one of which is actually Finjan). *See generally* D.I. 11 and 18.  Singtel has not sold the Accused Products in the State of Delaware or anywhere in the United States.  Yang Decl. at ¶ 8.  Furthermore, Singtel has had no role in the design, manufacture, marketing, pricing, or sale of the Accused Products sold by Trustwave in the State of Delaware or elsewhere in the United States.  *Id.* at ¶ 9.  Although Singtel and Trustwave entered into a reseller agreement under which Singtel may resell Trustwave cybersecurity software and products to Singtel customers, which predominantly reside in the Asian-Pacific market, Singtel has not sold the Accused Products under the reseller agreement to any customers in the State of Delaware or elsewhere in the United States.  *Id.* at ¶ 10.

After conducting a review of billing records, the only contacts with the State of Delaware that Singtel could identify are 12 Singtel customer accounts with billing addresses in the State of Delaware.  *Id.* at ¶ 11.  All 12 of the customer accounts are for telecommunication services (e.g., mobile phone services) provided in Singapore, as Singtel does not provide any telecommunication services in Delaware.  *Id.*  The 12 customers merely provided an address in Delaware designated by the customer or the customer's relative for the purpose of billing for telecommunication services provided in Singapore.  *Id.*  Again, at no time did Singtel sell the Accused Products to these customer accounts in Delaware.  *Id.*

The subsidiaries listed in paragraph 10 of Finjan's Complaint either no longer exist, are investment holding companies, or are operating companies unrelated to cybersecurity services. *Id.* at ¶ 12.  Each listed subsidiary is addressed below:

- Singtel USA, Inc. was a subsidiary of Singtel, but public records at the Delaware Division of Corporations show that it was dissolved over sixteen years ago on March 23, 2004.  Yang Decl. at ¶ 12.a.; Brandyberry Decl. at Ex. A.

- Singtel Enterprise Security (US), Inc. is a subsidiary of Singtel, but is an investment holding company and is not an operating entity. Yang Decl. at ¶ 12.b.; Brandyberry Decl. at Ex. B.

- Singtel Communications LLC was a subsidiary of Singtel, but public records at the Delaware Division of Corporations show that its registration with the State of Delaware was cancelled over twelve years ago on February 15, 2008.  Yang Decl. at ¶ 12.c.; Brandyberry Decl. at Ex. C.

- Singtel Innov8 Ventures LLC, a subsidiary of Singtel, is a venture capital fund with offices in California.  Yang Decl. at ¶ 12.d.; Brandyberry Decl. at Ex. D.

- Singtel Mobile Marketing, Inc. was a subsidiary of Singtel, but public records at the Delaware Division of Corporations show that it merged into another entity on June 23, 2016. Singtel Mobile Marketing, Inc. was an investment holding company and was not an operating entity.  Yang Decl. at ¶ 12.e.; Brandyberry Decl. at Ex. E.

- Amobee Inc. is a subsidiary of Singtel that provides internet advertising services and is headquartered in California.  Yang Decl. at ¶ 12.f.; Brandyberry Decl. at Ex. F.

- It does not appear that Lucid Media Networks, Inc. has any affiliation with Singtel. Singtel's subsidiary Amobee Inc. acquired assets from Videology out of bankruptcy

in 2018. It appears that Videology may have previously acquired Lucid Media Networks, Inc. in 2012 (https://www.prnewswire.com/news-releases/videology-acquires-lucidmedia-a-digital-management-platform-for-display-and-rich-media-advertising-across-mobile-and-online-172343841.html), but again it does not appear that Singtel has any affiliation with an entity bearing the name Lucid Media Networks, Inc. Public records at the Delaware Division of Corporations show that nothing has been filed related to Lucid Media Networks, Inc. since April 2014. Yang Decl. at ¶ 12.g.; Brandyberry Decl. at Ex. G.

- Pixable Inc., a social media and news content company, was acquired by Singtel in 2012, but ceased operations in 2015, and public records at the Delaware Division of Corporations show that it was dissolved on June 8, 2016. Yang Decl. at ¶ 12.h.; Brandyberry Decl. at Ex. H.

## IV.    ARGUMENT

### a.    The Legal Framework

To establish that this Court has personal jurisdiction over Singtel in this patent infringement action, Finjan must demonstrate that: (1) jurisdiction exists under Delaware's long-arm statute and (2) the assertion of personal jurisdiction is consistent with the limitations of the Due Process Clause of the U.S. Constitution. *See, e.g., Medical Solutions, Inc. v. C Change Surgical LLC*, 541 F.3d 1136, 1139, (Fed. Cir. 2008). Delaware's long-arm statute contains the following relevant sections for assertion of personal jurisdiction over nonresidents:

(c) As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:

(1)    Transacts any business or performs any character of work or service in the State;

(2)    Contracts to supply services or things in this State;

(3)    Causes tortious injury in the State by an act or omission in this State;

(4)    Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

10 Del. C. § 3104(c).  Given the breadth of Delaware's long-arm statute, Courts interpret Section 3104(c) to confer personal jurisdiction to the maximum extent possible under the Due Process Clause.  *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010).  Subsections c(1), c(2) and c(3) of the Delaware long-arm statute are specific jurisdiction provisions that require a nexus between described conduct and Finjan's claim (e.g., that the alleged "tortious injury" under c(3) was committed by Singtel in Delaware), while subsection c(4) is a general jurisdiction provision that does not require that the Finjan's claim arises out of Singtel's contact with Delaware.  *LaNuova D & B, S.p.A. v. Bowe Co., Inc.*, 513 A.2d 764, 768 (Del. 1986); *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d1558, 1562 n.10 (Fed. Cir. 1994) ("Specific jurisdiction refers to the situation in which the cause of action arises out of or relates to the defendant's contacts with the forum .... It contrasts with general jurisdiction, in which the defendant's contacts have no necessary relationship to the cause of action.") (internal citations and quotation marks omitted); *Boone v. Oy Partek Ab*, 724 A.2d 1150, 1155 (Del. Super.1997), aff'd, 707 A.2d 765 (Del.1998) ("General jurisdiction is at issue when the plaintiff's claims are

unconnected with the nonresidents' activities. In this instance jurisdiction is based on the relationship between the forum and one of the parties; the forum's connection with the controversy is immaterial.") (internal citations omitted).

Finally, if a defendant moves to dismiss a lawsuit for lack of personal jurisdiction the plaintiff bears the burden of showing the basis for jurisdiction. *See Power Integrations, Inc. v. BCD Semiconductor*, 54 7 F. Supp. 2d 365, 369 (D. Del. 2008).

### b. Singtel's Conduct Does Not Give Rise to Personal Jurisdiction

It is unclear whether Finjan's complaint alleges that Singtel's conduct gives this Court specific or general jurisdiction over Singtel. If Finjan is alleging specific jurisdiction based on Singtel's conduct, then Finjan must show that its cause of action—i.e., Singtel's alleged infringing sales or inducement of customers to use the Accused Products—occurred in Delaware. But Singtel has not sold the Accused Products in Delaware or anywhere else in the United States. Yang Decl. at ¶ 8. Thus, specific jurisdiction over Singtel does not exist.

If Finjan is alleging general jurisdiction, then it must show that Singtel "regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State." 10 Del. C. § 3104(c)(4). But Singtel does not do or solicit business in Delaware and does not provide any services or products consumed in Delaware. *Id*. at ¶ 11. Singtel's records show 12 telecommunications customers with billing addresses in Delaware, but the services provided to these customers are in Singapore and not in Delaware. *Id*. Simply stated, all Singtel does in this regard is send invoices to an address designated by the customer.

When addressing the limits of general jurisdiction under the Due Process Clause, the Supreme Court has warned against finding that such limited contacts with residents constitute the

requisite contact with the forum state.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) ("A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially **at home** in the forum State."); *id.* at 924 ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home. See Brilmayer 728 (identifying domicile, place of incorporation, and principal place of business as "paradig[m]" bases for the exercise of general jurisdiction).") (citing Brilmayer et al., A General Look at General Jurisdiction, 66 Texas L.Rev. 721 (1988)); *see also Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("[O]ur 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, **not the defendant's contacts with persons who reside there**.") (emphasis added); *id.* at 291 ("[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State.").  Here, Singtel's only contact is with these 12 customers who happen to have billing addresses in Delaware.  Singtel's contacts are not with the State of Delaware at large.  Furthermore, Singtel is not providing services in the state and is not directing business activities into the state.  This *de minimis* contact between Singtel and the State of Delaware does not constitute the "persistent course of conduct" needed to exercise general jurisdiction.  In other words, as in *Goodyear*, Singtel's "attenuated connections to the State… fall far short of the 'the continuous and systematic general business contacts' necessary to empower [Delaware] to entertain suit against them on claims unrelated to anything that connects them to the State."  564 U.S. at 929.

Therefore, based on Singtel's conduct alone, it is clear that personal jurisdiction does not exist in Delaware.

### c.    Singtel's Subsidiaries' Conduct Should Not Be Imputed To Singtel

It appears that Finjan's personal jurisdiction allegations instead rely on an argument that Trustwave's or another U.S.-based subsidiary's actions in Delaware should be attributed to Singtel in disregard of corporate structures.  Finjan's Complaint seemingly seeks to impute to Singtel (i.e., the foreign parent) the actions of its United States subsidiaries under the dual jurisdiction/stream of commerce theory.  "[T]he dual jurisdiction concept arises from at least partial satisfaction of subsections (1) and (4) of the Delaware long arm statute . . . . Dual jurisdiction may be established when a manufacturer has sufficient general contacts with Delaware and the plaintiffs' claims arise out of those contacts." *Belden Techs., Inc. v. LS Corp.*, 829 F. Supp. 2d 260, 267 (D. Del. 2010) (internal quotations omitted).  Under this dual jurisdiction theory, Delaware courts may exercise personal jurisdiction over a foreign defendant if the Plaintiff shows that: (1) the foreign defendant intended to serve the Delaware market; (2) the foreign defendant's intent resulted in the introduction of the product into the market; and (3) plaintiff's cause of action arises from injuries caused by that product.[1]  *Graphics Props. Holdings, Inc. v. ASUS Comput. Int'l*, 70 F.Supp.3d 654, 662 (D. Del. 2014).  To show the requisite intent, Finjan must demonstrate that Singtel had a role in the design, manufacture, marketing, pricing, or sale of the Accused Products sold in Delaware. *Nespresso USA, Inc. v. Ethical Coffee Co. SA*, 263 F. Supp. 3d 498, 504 (D. Del. 2017).

In cases finding jurisdiction over foreign defendants under this theory, Courts have pointed to the foreign defendant's direct involvement with the accused products.  *See*, *e.g.*, *Polar Electro Oy v. Suunto Oy*, 829 F.3d 1343, 1350 (Fed. Cir. 2016) (defendant shipped numerous accused products to

---

[1]  Some decisions from this Court have rejected this more expansive stream of commerce/dual jurisdiction theory (*see, e.g., Round Rock Research LLC v. ASUSTeK Computer Inc.*, 967 F.Supp.2d 969, 975-977 (D. Del. 2013)), while others have allowed the Court to use the theory to find jurisdiction over foreign defendants (*see, e.g., Koninklijke KPN N.V. v. Kyocera Corporation*, C.A. No. 17-087–LPS, 2017 WL 6447873, *3-*4 (D. Del. 2017)).

Delaware retailers expecting that the products would be sold in Delaware and finding the defendant's actions were "purposefully directed to Delaware, indicating an intent and purpose to serve not only the U.S. market generally, but also the Delaware market specifically"); *Koninklijke*, 2017 WL 6447873, *3-*4 (finding that the foreign defendant specifically "develops, manufactures and sells mobile phones such as smartphones ... mainly for telecommunications carriers [such as Sprint Corporation, Verizon Communications Inc., T–Mobile US, Inc. and AT&T Inc.] in Japan and the U.S."); *Graphics Props. Holdings,* 70 F.Supp.3d at 658 and 662 (finding jurisdiction over Taiwanese defendant that designed and manufactured the accused product abroad because it "target[ed] the United States market by selling to [its U.S. subsidiary], which then sells the accused products to resellers for distribution across the United States" and the Taiwanese defendant "aware of and actively utilize these reseller outlets to sell the accused devices" in the State of Delaware"). No such circumstances exist here to warrant finding jurisdiction over Singtel.

Here, Singtel had no role in the design, manufacture, marketing, pricing, or sale of the Accused Products sold by Trustwave in Delaware or elsewhere in the United States. Yang Decl. at ¶ 9. The Accused Products are cybersecurity software products that existed long before Singtel acquired Trustwave in 2015. *See generally* D.I. 11 and 18. Accordingly, Finjan has no evidence that Singtel played any role in directing the Accused Products to Delaware or even to the United States market.[2] Therefore, even under the dual jurisdiction theory, this Court does not have personal jurisdiction over Singtel.[3]

---

[2] Given that Singtel has not sold the Accused Products in the United States or committed another act under 35 U.S.C. § 271(a)-(c) that could give rise to liability, it is unclear why Finjan filed or seeks to continue this action against Singtel.

[3] It is unclear whether Finjan is also alleging personal jurisdiction over Singtel under an agency theory. If so, an agency theory fails as well as Finjan has not put forth allegations that Singtel exerts control and direction over Trustwave or another active United States subsidiary such that

Likewise, the existence of Singtel subsidiaries organized in Delaware does not constitute a "persistent course of conduct" with Delaware to warrant the exercise of general jurisdiction. *See, e.g., Applied Biosystems Inc. v. Cruachem, Ltd.*, 772 F.Supp. 1458, 1464 (D. Del.1991) (when "there is no evidence to support piercing the corporate veil, [a subsidiary's] status as a Delaware corporation may not be imputed to [a parent]."); *Forest Laboratories, Inc., v. Cobalt Laboratories, Inc.*, C.A. No. 08–021–GMS–LPS, 2009 WL 605745, at *7 (D. Del. Mar. 9, 2009), adopted by 2009 WL 2753427 (D.Del. Aug. 27, 2009) ("incorporating [a subsidiary] does not satisfy subsection (c)(4)"); *see also Daimler v. Bauman,* 571 U.S. 117, 136 (2014) (rejecting "[t]he Ninth Circuit's agency theory" because it "appears to subject foreign corporations to general jurisdiction whenever they have an in-state subsidiary or affiliate, an outcome that would sweep beyond even the 'sprawling view of general jurisdiction' we rejected in *Goodyear*."). Here, Finjan's Complaint makes no allegations related to piercing the corporate veil. Therefore, the existence of subsidiaries, many of which ceased to exist over a decade ago, organized in the State of Delaware does not give this Court jurisdiction over Singtel under a general jurisdiction theory.

## V.   CONCLUSION

Singtel respectfully requests that the Court grant Singtel's motion and dismiss Finjan's Complaint against Singtel for lack of personal jurisdiction.

---

subsidiary's acts should be imputed to Singtel. *Cephalon, Inc. v. Watson Pharm., Inc.*, 629 F. Supp. 2d. 338, 348 (D. Del. 2009); *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1463 (D. Del. 1991). There is no such control or direction.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____
Jack B. Blumenfeld (#1014)
Alexandra M. Cumings (#6146)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
acumings@mnat.com

*Attorneys for Defendant*
*Singapore Telecommunications Limited*

OF COUNSEL:

John S. Letchinger
BAKER & HOSTETLER LLP
191 North Wacker Drive, Suite 3100
Chicago, IL  60606-1901
(312) 416-6200

Jared A. Brandyberry
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO  80202
(303) 764-4072

August 5, 2020

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 5, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 5, 2020, upon the following in the manner indicated:

Karen E. Keller, Esquire                                                            *VIA ELECTRONIC MAIL*
Jeffrey T. Castellano, Esquire
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiff*

Bijal Vakil, Esquire                                                                *VIA ELECTRONIC MAIL*
WHITE & CASE LLP
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94307
*Attorneys for Plaintiff*

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)