IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 20-371-LPS |
| TRUSTWAVE HOLDINGS, INC., and | ) |
| SINGAPORE TELECOMMUNICATIONS | ) **REDACTED-** |
| LIMITED, | ) **PUBLIC VERSION** |
| | ) |
| Defendants. | ) |

**LETTER TO THE HONORABLE LEONARD P. STARK
FROM JEFF CASTELLANO**

OF COUNSEL:
Bijal Vakil
Jeremy T. Elman
Henry Y. Huang
WHITE & CASE LLP
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306
(650) 213-0300

Karen E. Keller (No. 4489)
Jeff Castellano (No. 4837)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
jcastellano@shawkeller.com
*Attorneys for Plaintiff Finjan LLC*

Dated: May 28, 2021

1



Jeff Castellano
I.M. Pei Building
1105 North Market St., 12th Floor
Wilmington, DE 19801
(302) 298-0703
jcastellano@shawkeller.com

May 28, 2021

REDACTED - PUBLIC VERSION

**BY CM/ECF**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re:  *Finjan LLC v. Trustwave Holdings, Inc.*, C.A. No. 20-371-LPS

Dear Chief Judge Stark:

Plaintiff Finjan LLC ("Finjan") and Defendant Singapore Telecommunications Ltd. ("Singtel") hereby provide a joint status report including "their positions on which, if any, additional discovery requests proposed by Finjan in D.I. 49 shall be ordered by the Court," and the status of jurisdictional discovery. (*See* D.I. 68).

Pursuant to the Court's Order (D.I. 68), Singtel produced the Singtel-Trustwave Merger Agreement on May 17, 2021. Following a request from Finjan, Singtel then produced the Company Disclosure Letter to the Merger Agreement on May 24, 2021. The parties held a meet and confer on May 27, 2021 regarding additional jurisdictional discovery.

**Finjan's Position**

The parties appear to agree that the merger agreement and related documents can dispose of Singtel's motion. Finjan submits that the Court should deny Singtel's motion to dismiss for lack of personal jurisdiction now because the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Alternatively, as Finjan suggested earlier this week, Singtel should withdraw its motion to dismiss.[1] If the motion remains pending, Finjan believes that additional jurisdictional discovery is necessary, as set forth below.

---

[1] Finjan also objects to Singtel's blanket refusal to allow Julie Mar-Spinola, Finjan's Chief Intellectual Property Officer and Vice-President of Legal Operations, to view either the merger agreement or the Company Disclosure Letter, or at least provide a redacted version for her review.

**SHAW KELLER LLP**

The Honorable Leonard P. Stark
Page 2

### A. The Recently Produced Merger Agreement Evidences Singtel's Express Consent to Jurisdiction

The newly produced Singtel-Trustwave Merger Agreement identifies 

As discussed at the May 7 hearing, the 2012 Contract includes a Delaware forum selection clause and expressly binds an "Acquirer" like Singtel by its plain language. Consistent with that plain language, the Merger Agreement confirms that ▮▮▮▮▮ contrary to Singtel's assertions at the hearing. Finjan asked Singtel to withdraw its motion to dismiss in light of this fact many days ago, so its arguments about timing are unavailing. *See* Ex. C. Singtel has not agreed to withdraw its motion, which was discussed during the parties' meet and confer.

Thus, Finjan submits that additional discovery and briefing are not necessary to answer the question of whether Singtel is bound by the forum selection clause in the 2012 Contract based on ▮▮▮▮▮ and thus jurisdiction over Singtel is proper. *See* Exs. A-B.

Finjan does not believe that additional briefing is necessary, but if the Court deems it appropriate, then both parties should get an opportunity to brief the issue. Finjan proposes that briefing proceed on the agreed schedule, with Finjan's pages in this section to count against its page limit for its opening supplemental brief. If the Court is not inclined to deny Singtel's motion now, Finjan respectfully submits that additional jurisdiction discovery is required, as set forth below.

### B. *Further Discovery if the Court Does Not Deny Singtel's Motion Based on Merger Evidence*

#### 1. The Parties Agree To Limited Additional Discovery

For purposes of resolving this Motion, Finjan has narrowed the jurisdictional discovery requested (as stated in the May 20 letter attached as Exhibit C). On May 27, Singtel agreed to

supplement its interrogatory responses and produce additional documents on a rolling basis by June 18.  Singtel agreed to the following jurisdictional discovery:

- Supplement Interrogatory No. 1 to address:
    - Whether Singtel had any involvement with development of the Trustwave Fusion Platform
    - Singtel's involvement with the Singtel Cyber Security Institute

- Supplement Interrogatory No. 2 to address Singtel's first knowledge of the 2012 Finjan-Trustwave Agreement

- Supplement Interrogatory No. 4 to confirm whether or not Singtel's cybersecurity activities in the U.S. are limited to the already produced resales of Trustwave's products

- Supplement Interrogatory No. 5 to address any "Trustwave Group" (including Singtel Enterprise Security (US), Inc.) sales, manufacture, or design of cybersecurity products in the U.S. (other than by Trustwave Holdings, Inc. or its subsidiaries)

- Singtel is in the process of searching for the following documents to produce: Org chart for "Trustwave Group"

2. **Finjan Also Seeks The Following Discovery**

- RFP No. 1, and Interrogatories Nos. 2-3: communications internally and/or between Singtel or with Trustwave during due diligence about Finjan,[2] and communications about Finjan and Singtel's diligence when acquiring Trustwave are relevant to jurisdiction, as the Court indicated at the May hearing.  See May 7, 2021 Hr'g Tr., at 19:15-20:9 ("Maybe we would find out that a lot of due diligence was done and Singtel understood that it really was subject to this forum selection clause.").

- RFP Nos. 2-4 and 11: Documents, information, and communications about Singtel's cyber security revenues in the U.S. (or other managed security services) that are reported by Singtel (and any of its subsidiaries, including Trustwave).  Jurisdiction would be proper if Singtel or its agents engage in the marketing, sale or offer to sale the licensed products and/or the accused products in Delaware (or in the United States if Singtel continues to maintain that it is not subject to personal jurisdiction anywhere in the United States).

---

[2] No privilege applies to due diligence communications between separate parties.  *See Am. Bottling Co. v. Repole*, C.A. No.: N19C-03-048 AML CCLD, 2020 Del. Super. LEXIS 225 at *12-13 (Del. Sup. Ct. May 12, 2020) (noting "this Court has held that privileged information shared during negotiations between two prospective partners regarding the terms of their partnership did not fall within the common interest doctrine.").

Finjan reserves the right to address any deficiencies in Singtel's responses and productions with this Court prior to a deposition of Mr. Yang (or the relevant Singtel corporate witness since Mr. Yang no longer works for Singtel), especially where Singtel proposes to provide informal discovery responses rather than documentation.

**Singtel's Position**

Defendant Singapore Telecommunications Ltd. ("Singtel") hereby provides its section of the status report regarding the status of jurisdictional discovery and Finjan's additional requests. (*See* D.I. 68).

I. **Finjan's Status Report in Improper**

Singtel understood that the Court wanted an update on whether the parties had agreed to the scope of additional jurisdictional discovery on Singtel's pending motion to dismiss. (*See* D.I. 68). Accordingly, Singtel provides an update on agreed to and disputed jurisdictional discovery.

Finjan's submission is a supplemental brief, including evidentiary exhibits, not a status report. Less than six hours before the deadline for submission of the joint status report, counsel for Finjan provided a draft joint status report that essentially seeks summary adjudication of Singtel's motion to dismiss. The timing and nature of Finjan's submission is inappropriate. The Court's Order (D.I. 68) set a supplemental briefing schedule to occur after additional jurisdictional discovery concludes. Apparently, Finjan seeks to brief its arguments now and then once again after subjecting Singtel to further jurisdictional discovery.

Moreover, Finjan's argument is incorrect. Counsel have met and conferred regarding Finjan's argument related to the Singtel-Trustwave Merger Agreement. Singtel's counsel explained in detail how Finjan's argument relies on a misreading of the Merger Agreement.



Finjan should not be permitted to brief this argument now and then submit another supplemental brief after further jurisdictional discovery from Singtel. If the Court is inclined to entertain Finjan's status report argument at this juncture, then Singtel requests leave to provide a brief to rebut Finjan's argument in detail., If that procedure will be followed, however, then Singtel respectfully requests that any further jurisdictional discovery be denied and Singtel's motion to dismiss be resolved based on the arguments in the status report and Singtel's response. Singtel is prepared to respond by June 11, 2021, if the Court wishes the parties to proceed in that way.

II. **Agreed to Jurisdictional Discovery**

{00037115}

**SHAW KELLER LLP**

The Honorable Leonard P. Stark
Page 5

Pursuant to the Court's Order (D.I. 68), Singtel produced the Singtel-Trustwave Merger Agreement on May 17, 2021. Following a request from Finjan, Singtel then produced the Company Disclosure Letter to the Merger Agreement on May 24, 2021. The parties held a meet and confer on May 27, 2021 regarding additional jurisdictional discovery.

If the Court does not want Singtel to respond to Finjan's argument by June 11, 2021, then subject to Singtel's previously served objections, Singtel has agreed to supplement its interrogatory responses and produce additional documents on a rolling basis by June 18 as follows:

- Supplement Interrogatory No. 1 to address:
  - Whether Singtel had any involvement with development of the Trustwave Fusion Platform
  - Singtel's involvement with the Singtel Cyber Security Institute

- Supplement Interrogatory No. 2 to address Singtel's first knowledge of the 2012 Finjan-Trustwave Agreement

- Supplement Interrogatory No. 4 to confirm whether or not Singtel's cybersecurity activities in the U.S. are limited to the already produced resales of Trustwave's products

- Supplement Interrogatory No. 5 to address any "Trustwave Group" (including Singtel Enterprise Security (US), Inc.) sales, manufacture, or design of cybersecurity products in the U.S. (other than by Trustwave Holdings, Inc. or its subsidiaries)

- Singtel is in the process of searching for the following documents to produce: Org chart for "Trustwave Group"

### III. Disputed Jurisdictional Discovery

Singtel does not agree to provide the communications sought by Finjan under RFP No. 1, and Interrogatories Nos. 2-3. Singtel agreed to identify Singtel's first knowledge of the 2012 Finjan-Trustwave Agreement and has already produced the Singtel-Trustwave Merger Agreement. It is unclear how subjecting Singtel to burdensome discovery of the communications sought by Finjan is relevant, let alone proportional to the needs of resolving Singtel's motion to dismiss.

Singtel believes that Finjan's RFP Nos. 2-4 and 11 are addressed in Singtel's supplemental responses to Interrogatory Nos. 4-5 as outlined above. The crux of Finjan's position is that if Singtel or another Singtel subsidiary other than Trustwave Holdings, Inc. is selling,

{00037115}

SHAW KELLER LLP
The Honorable Leonard P. Stark
Page 6

manufacturing, or marketing cybersecurity products in the U.S., then it is relevant to the pending motion to dismiss. Although Singtel believes that none of what Finjan seeks is relevant, Singtel believes its prior responses and forthcoming supplemental responses to Interrogatory Nos. 4-5 will adequately address Finjan's inquiry. Moreover, Singtel has agreed to a 3-hour deposition on these topics.

Singtel's counsel is available to discuss this matter with the court in more detail if the Court desires.

Counsel and the parties remain available should the Court have any questions.

Respectfully,

*/s/ Jeff Castellano*

Jeff Castellano (No. 4837)

cc:   Clerk of the Court (by CM/ECF)
      All counsel of record (by CM/ECF and email)

# Exhibit A
## Redacted in its Entirety

# Exhibit B

## Redacted in its Entirety

# Exhibit C

## Redacted in its Entirety