IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN LLC, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) C.A. No. 20-371-LPS <br> ) |
| TRUSTWAVE HOLDINGS, INC., and SINGAPORE TELECOMMUNICATIONS LIMITED, | ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

**PLAINTIFF FINJAN LLC'S COMMENTS TO DEFENDANTS'**
**<u>TECHNOLOGY TUTORIAL</u>**

|  |  |
|---|---|
|  | Karen E. Keller (No. 4489) <br> Andrew E. Russell (No. 5382) <br> SHAW KELLER LLP <br> I.M. Pei Building |
| OF COUNSEL: <br> Bijal Vakil <br> Jeremy T. Elman <br> ALLEN & OVERY LLP <br> 550 High Street <br> Palo Alto, CA  94301 <br> (650) 388-1650 | 1105 North Market Street, 12th Floor <br> Wilmington, DE 19801 <br> (302) 298-0700 <br> kkeller@shawkeller.com <br> arussell@shawkeller.com <br><br> *Attorneys for Plaintiff Finjan LLC* |

Dated: February 10, 2022

**I.     INTRODUCTION**

Pursuant to Section 11 of the Court's Scheduling Order (D.I. 83), Plaintiff Finjan, LLC ("Finjan") submits the following comments to the Technology Tutorial submitted by Defendants Trustwave Holdings, Inc. and Singapore Telecommunications Limited (collectively, "Trustwave").

**II.    COMMENTS TO TRUSTWAVE'S TUTORIAL**

   **A.    TRUSTWAVE'S TUTORIAL MAKES IMPROPER ARGUMENTS REGARDING CLAIM CONSTRUCTION**

The Court's Scheduling Order instructs, "The tutorial should focus on the technology in issue and should not be used for argument." *Id*. Instead of focusing on educating the Court about the technology at issue, Trustwave's slides offer an improper claim construction argument.

For example, slides 16-20 cite an alleged "Location of Content Processor." The location of the content processor is irrelevant to understanding the claimed technology. Trustwave instead argues its claim construction position for the terms "receiver" and "transmitter." Trustwave's proposed constructions for these terms, "a hardware component separate from the content processor and transmitter" and "a hardware component separate from the content processor and receiver," attempt to rewrite the claims to require a location for the content processor that is separate from the receiver and transmitter. Slides 16-20 represent an argumentative submission in violation of the Court's Scheduling Order because they argue for Trustwave's proposed constructions.

The structure of Trustwave's tutorial shows that the "Location of Content Processor" slides fail to focus on the technology in issue. The tutorial first sets out the problem the patent seeks to address. Slides 3-9. Then, the tutorial discusses a "Three-Part Architecture for Protecting from Dynamically Generated Code Using Remote Content Modification" that Trustwave argues

2

describes the solution to the problem the patent seeks to address. Slides 10-15. Finally, after Trustwave completes its discussion of the elements it considers to embody the invention, Trustwave argues, in the remaining five slides, where the content processor should be located. Though ostensibly proposed as a second element to the "Solution Identified in Finjan's Asserted Patent," Trustwave's tutorial provides no explanation regarding how the location of the alleged content processor is a solution to the proposed problems identified in the asserted patent. Accordingly, it is clear that Trustwave does not view the content processor's location as required to understand the technology. Rather, Trustwave improperly argues its claim construction position.

Finjan requests the Court consider Finjan's comments and ignore at least slides 16-20 of Trustwave's Technology Tutorial.

### B. TRUSTWAVE'S TECHNOLOGY TUTORIAL DOES NOT COMPLY WITH THIS COURT'S ORDER

The Court's Scheduling Order instructs, "[T]he parties may separately or jointly submit a DVD of not more than thirty (30) minutes." D.I. 83 at § 11. The Scheduling Order further advises that the tutorial should conform to a format that the Court has the technical ability to access, noting that MPEG or Quicktime are preferred. *Id.* Thus, it contemplates a video or other media with a narrative description, so the Court can follow the diagrams with discussion. Contrary to the instructions in the Scheduling Order, Trustwave submitted slides with no audio and little or no explanatory text to aid in the tutorial. Finjan spent significant time and resources precisely following the Court's Scheduling order to create a presentation to aid the Court in understanding and resolving this matter. Trustwave, on the other hand, ignored the Court's order and provided less than the bare minimum: no audio or other explanation to assist the Court. Finjan should not have to bear the burden alone.

## C. CONCLUSION

Trustwave made no attempt to follow the Court's scheduling order. It failed to provide a useful presentation according to the Court's requested standards and attempted to improperly present claim construction arguments expressly contrary to the Court's scheduling order. Finjan requests the Court take whatever action it deems necessary in light of Trustwave's failure to follow the Court's instructions, including ignoring at least slides 16-20 of Trustwave's Technology Tutorial.

                    Respectfully submitted,

                    */s/ Andrew E. Russell*
                    Karen E. Keller (No. 4489)
                    Andrew E. Russell (No. 5382)
                    SHAW KELLER LLP
                    I.M. Pei Building
                    1105 North Market Street, 12th Floor

OF COUNSEL:                Wilmington, DE 19801
Bijal Vakil                      (302) 298-0700
Jeremy T. Elman            kkeller@shawkeller.com
ALLEN & OVERY LLP        arussell@shawkeller.com
550 High Street
Palo Alto, CA 94301        *Attorneys for Plaintiff Finjan LLC*
(650) 388-1650

Dated: February 10, 2022