# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN LLC,<br><br>    Plaintiff,<br><br> v.<br><br>TRUSTWAVE HOLDINGS, INC., and SINGAPORE TELECOMMUNICATIONS LIMITED,<br><br>    Defendants. | C.A. No. 20-371-LPS |

## **TRUSTWAVE'S COMMENTS ON FINJAN'S TECHNOLOGY TUTORIAL**

| | |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Jack B. Blumenfeld (#1014)<br>Alexandra M. Cumings (#6146)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>Telephone: (302) 658-9200<br>jblumendfeld@morrisnichols.com<br>acumings@ morrisnichols.com |
| OF COUNSEL:<br><br>John S. Letchinger<br>BAKER & HOSTETLER LLP<br>191 North Wacker Drive, Suite 3100<br>Chicago, IL 60606-1901<br>(312) 416-6200<br><br>Jared A. Brandyberry<br>BAKER & HOSTETLER LLP<br>1801 California Street, Suite 4400<br>Denver, CO 80202<br>(303) 764-4072 | *Attorneys for Defendant Trustwave Holdings, Inc.* |

February 10, 2022

The Court's Scheduling Order (D.I. 83) directed that a party's technology "tutorial should focus on the technology in issue and should not be used for argument." But much of Finjan's tutorial concerns Finjan's history and licensing practices, which are irrelevant to the technology at issue. The irrelevant or argumentative portions of Finjan's tutorial are identified below.

This case involves a single patent, U.S. Patent No. 8,141,154 (the "'154 Patent"). The '154 Patent was filed on June 14, 2010, and belatedly claimed priority to a parent application filed on December 12, 2005.[1] Accordingly, Finjan's tutorial should only concern the technology disclosed in the '154 Patent. Finjan's alleged history of innovation (much of what is discussed is from the 1990s), its licensing practices, and technology not related to the '154 Patent are irrelevant.

Throughout its tutorial, Finjan discusses its alleged history of innovation. *See*, *e.g.*, Finjan's Tutorial at 0:32-0:47 ("over the past 25 plus years Finjan pioneered…."); 1:02-1:14 (discussion of the introduction of Java in 1995 as the "impetus for the development of Finjan's groundbreaking ant-malware technology"). The tutorial discusses "Finjan's technology" or "Finjan's patented technology" in general throughout without clear indicating the technology actually disclosed in the only patent in suit or even what technology is contemporaneous with an invention that allegedly occurred in 2005. *See*, *e.g.*, 0:11; 2:11-3:02 (discussing Finjan's R&D spending and patent portfolio in general).[2]

---

[1] As discussed in Trustwave's Answer (*see* D.I. 36 at pp. 16-19 (allegations of inequitable conduct by Finjan and its prosecution counsel) and 21-23 (allegations of unclean hands)), Trustwave asserts that Finjan's priority claim, filed a year and a half after the '154 Patent issued and while Finjan was already asserting the '154 Patent in other litigation, was improperly obtained through a material misrepresentation to the USPTO. In fact, Trustwave believes that Finjan's and its prosecution counsel's actions with respect to the belated priority claim for the '154 Patent was part of a pattern of misconduct as shown by four similar belated priority claims filed by Finjan for other patents. *Id.*

[2] Also absent from Finjan's tutorial is an acknowledgement that in 2009, Finjan sold its assets to M86, which was later acquired by Trustwave, and since that sale, Finjan has derived substantially

A glaring example of Finjan's improper discussion of its history and broader patent portfolio is its citation to a quote from a Federal Circuit opinion stating that "[t]he 'behavior-based' approach to virus scanning was pioneered by Finjan…." *See*, *e.g.*, 2:26 (quoting from *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1304 (Fed. Cir. 2018). What Finjan left unsaid is that the '154 Patent was not at issue in that Federal Circuit appeal and the patent discussed by the Federal Circuit, U.S. Patent No. 6,154,844, claims priority back to 1996, nearly a decade before the '154 Patent's alleged 2005 priority date claim.[3] Finjan's tutorial makes it seem like the "behavior-based" approach the Federal Circuit discussed had something to do with the '154 Patent. It didn't.

Finjan's tutorial also includes an irrelevant discussion of how industry participants have licensed Finjan's patent portfolio, including the '154 Patent. *See* Tutorial at 3:06-3:16. Although Finjan may rely on licensing of the '154 patent for damages or Section 103 based invalidity issues later in this case, it is irrelevant to the technology tutorial requested in the Scheduling Order.[4]

There is no indication in Finjan's tutorial how Finjan's history or unrelated "Finjan patented technology" are relevant to the technology disclosed in the '154 Patent. When focused on the actual technology discussed in the '154 Patent, it is clear that the technology is focused on

---

all of its revenue from exploiting its patent portfolio rather than selling any actual products or services. *See* D.I. 36 (Trustwave Counterclaim at ¶ 5 and Exhibit 2).

[3] Again, absent from Finjan's tutorial is an acknowledgement that the claims from U.S. Patent No. 6,154,844 at issue in the cited Federal Circuit opinion were later found invalid as indefinite, along with claims from four other Finjan patents. *See Finjan, Inc. v. ESET, LLC*, No. 17 Civ. 183, 2021 WL 1241143 (S.D. Cal. Mar. 29, 2021).

[4] If Finjan is going to cite its licensing of the '154 Patent, then it should also explain why it has repeatedly stated in sworn statements to the USPTO and in open court in other litigation that Trustwave is licensed to the '154 patent. *See, e.g.,* D.I. 36 (Trustwave Counterclaim at ¶¶ 30-31). Finjan has yet to explain why it claimed Trustwave was licensed to the '154 Patent when it needed evidence of licensing to support Finjan's damages arguments in litigation against third-parties or to support the validity of the '154 patent before the USPTO, only now to claim the opposite – that Trustwave purportedly infringes the same patent and has no license.

a specific solution to protect a client computer from dynamically generated viruses utilizing "[t]hree major components," a gateway computer, a client computer, and a security computer. '154 Patent at 8:41-47. Thus, the irrelevant self-promotion and discussion of Finjan's broader patent portfolio in the tutorial should be disregarded.

|  |  |
|---|---|
| OF COUNSEL:<br><br>John S. Letchinger<br>BAKER & HOSTETLER LLP<br>191 North Wacker Drive, Suite 3100<br>Chicago, IL  60606-1901<br>(312) 416-6200<br><br>Jared A. Brandyberry<br>BAKER & HOSTETLER LLP<br>1801 California Street, Suite 4400<br>Denver, CO  80202<br>(303) 764-4072 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Jack B. Blumenfeld*<br>Jack B. Blumenfeld (#1014)<br>Alexandra M. Cumings (#6146)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>Telephone: (302) 658-9200<br>jblumendfeld@morrisnichols.com<br>acumings@ morrisnichols.com<br><br>*Attorneys for Defendant Trustwave Holdings, Inc.* |

February 10, 2022